UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KATHLEEN EDWARDS,           )
                            )
          Plaintiff(s),     )    No. C 05-3076 BZ
                            )
     v.                     )    **ORDER SCHEDULING**
                            )    **JURY TRIAL AND**
PRINCESS CRUISE LINES, LTD.,)    **PRETRIAL MATTERS**
                            )
          Defendant(s).     )
_____)

Following the Case Management Conference, **IT IS HEREBY ORDERED** that:

1. <u>DATES</u>

Trial Date:  Monday, 3/5/2007, 5 days, at **8:30 a.m.**

Pretrial Conference:  Tuesday, 2/13/2007, at **4:00 p.m.**

Last Day to Hear Dispositive Motions:  Wednesday, 1/10/2007

Last Day for Expert Discovery:  Friday, 12/1/2006

Last Day for Expert Disclosure:  Friday, 11/24/2006

Close of Non-expert Discovery:  Friday, 11/17/2006

2. <u>STATUS CONFERENCE</u>

A status conference is scheduled for **August 14, 2006**, at **4:00 p.m.** in Courtroom G, 15th Floor, Federal Building, San

1

Francisco, California, 94102.  No later than seven days before the status conference, by **August 7, 2006**, the parties shall file a joint case management statement.

3. <u>RECORDINGS</u>

Until they are relieved of the obligation to do so, whenever they are discussing discovery or case management matters, the parties shall make a contemporaneous record of their discussion using a tape recorder or a court reporter.

4. <u>DISCLOSURE AND DISCOVERY</u>

Initial disclosures shall be completed by **June 26, 2006**. The parties are reminded that a failure to voluntarily disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions.  Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

In the event a discovery dispute arises, **lead counsel** for each party shall meet in person and make a good faith effort to resolve their dispute.  Exchanging letters or telephone messages about the dispute is insufficient.  The Court does not read subsequent positioning letters; parties shall instead make a contemporaneous record of their meeting using a tape recorder or a court reporter.

In the event they cannot resolve their dispute, the parties must participate in a telephone conference with the Court **before** filing any discovery motions or other papers. The party seeking discovery shall request a conference in a

2

letter served on all parties not exceeding two pages (with no attachments) which briefly explains the nature of the action and the issues in dispute.  Other parties shall reply in similar fashion within two days of receiving the letter requesting the conference.  The Court will contact the parties to schedule the conference.

5.   MOTIONS

Consult Civil Local Rules 7-1 through 7-5 and this Court's standing orders regarding motion practice.  Motions for **summary judgment** shall be accompanied by a statement of the material facts not in dispute supported by citations to admissible evidence.  The parties shall file a joint statement of undisputed facts where possible.  If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree.  Any party may then file a separate statement of the additional facts that the party contends are undisputed.  A party who without substantial justification contends that a fact is in dispute is subject to sanctions.  A Chambers copy of all briefs shall be submitted on a diskette formatted in WordPerfect 6.1, 8, 9 or 10 (Windows) or WordPerfect 5.1 (DOS).

6.   MEDIATION

By agreement of the parties, this matter has been referred for a Mediation to be conducted by October 2006, if possible.  The parties shall promptly notify the Court whether the case is resolved at the Mediation.

///

1  7.   SETTLEMENT

2       This case has been referred for assignment to a
3  Magistrate Judge to conduct a settlement conference **November**
4  **or December 2006** in the event the case is not resolved at the
5  Mediation.  Counsel will be contacted by that judge's chambers
6  with a date and time for the conference.

7  8.   PRETRIAL CONFERENCE

8       Not less than thirty days prior to the date of the
9  pretrial conference, the parties shall meet and take all steps
10 necessary to fulfill the requirements of this Order.

11      Not less than twenty days prior to the pretrial
12 conference, the parties shall: (1) serve and file a joint
13 pretrial statement, containing the information listed in
14 **Attachment 1**, and a proposed pretrial order; (2) serve and
15 file trial briefs, motions in limine and statements
16 designating excerpts from discovery that will be offered at
17 trial (specifying the witness and page and line references);
18 (3) exchange exhibits, agree on and number a joint set of
19 exhibits and number separately those exhibits to which the
20 parties cannot agree; (4) deliver all marked trial exhibits
21 directly to the courtroom clerk, Ms. Scott; (5) deliver one
22 extra set of all marked exhibits directly to Chambers; and (6)
23 submit all exhibits in three-ring binders.  Each exhibit shall
24 be marked with an exhibit label as contained in **Attachment 2.**
25 The exhibits shall also be separated with correctly marked
26 side tabs so that they are easy to find.

27      No party shall be permitted to call any witness or offer
28 any exhibit in its case in chief that is not disclosed at

4

1  pretrial, without leave of Court and for good cause.
2       Lead trial counsel for each party shall meet and confer
3  in an effort to resolve all disputes regarding anticipated
4  testimony, witnesses and exhibits.  All motions in limine and
5  objections to witnesses or exhibits will be heard at the
6  pretrial conference.  Not less than ten days prior to the
7  pretrial conference, the parties shall serve and file any
8  objections to witnesses or exhibits or to the qualifications
9  of an expert witness.  Motions in limine shall be filed and
10 served not less than twenty days prior to the conference.
11 Oppositions shall be filed and served not less than ten days
12 prior to the conference.  There shall be no replies.
13      Not less than twenty days prior to the pretrial
14 conference the parties shall serve and file requested voir
15 dire questions, jury instructions, and forms of verdict.  The
16 following jury instructions from the *Manual of Model Civil*
17 *Jury Instructions for the Ninth Circuit* (1997 ed.) will be
18 given absent objection: 1.1-1.12, 2.1-2.2, 3.1-3.3, 3.5-3.8,
19 4.1-4.3.  Do not submit a copy of these instructions.  Counsel
20 shall submit a joint set of case specific instructions.  Any
21 instructions on which the parties cannot agree may be
22 submitted separately.  The Ninth Circuit Manual should be used
23 where possible.  Each requested instruction shall be typed in
24 full on a separate page with citations to the authority upon
25 which it is based.  Proposed jury instructions taken from the
26 Ninth Circuit Manual need only contain a citation to that
27 source.  Any modifications made to proposed instructions taken
28 from a manual of model instructions must be clearly indicated.

5

1  In addition, all proposed jury instructions should conform to
2  the format of the Example Jury Instruction attached to this
3  Order.  Not less than ten days prior to the pretrial
4  conference, the parties shall serve and file any objections to
5  separately proposed jury instructions.
6      Jury instructions that the Court has given in prior cases
7  may be downloaded from the Northern District website at
8  **http:\\www.cand.uscourts.gov**.  (Instructions are located on
9  the "Judge Information" page for Magistrate Judge Zimmerman.)
10 The Court will generally give the same instructions in cases
11 involving similar claims unless a party establishes, with
12 supporting authorities, that the instruction is no longer
13 correct or that a different instruction should be given.
14 Judicial Council (CACI) instructions generally will be given
15 instead of BAJI instructions.
16     All proposed jury instructions, motions <u>in limine</u>, forms
17 of verdict and trial briefs shall be accompanied by a floppy
18 diskette containing a copy of the document formatted in
19 WordPerfect 6.1, 8, 9 or 10 (Windows) or WordPerfect 5.1
20 (DOS).
21     At the time of filing the original with the Clerk's
22 Office, two copies of all documents (but only one copy of the
23 exhibits) shall be delivered directly to Chambers (Room 15-
24 6688).  Chambers' copies of all pretrial documents shall be
25 ///
26 ///
27 ///
28

6

1 three-hole punched at the side, suitable for insertion into
2 standard, three-ring binders.
3 Dated:   June 13, 2006

                                      _____
                                              Bernard Zimmerman
                                      United States Magistrate Judge

G:\BZALL\-BZCASES\EDWARDS\SCH.ORD.wpd

**EXAMPLE PROPOSED JURY INSTRUCTION**
**For Chambers of Magistrate Judge Zimmerman**

A proposed jury instruction should contain the following elements in the following order: (1) the name of the party submitting the instruction; (2) the title of the instruction; (3) the text of the instruction; (4) the authority for the instruction; (5) blank boxes for the Court to note whether it gives the instruction, refuses to give it, or gives it as modified.  The following proposed instruction contains these elements.

---

_____'s Proposed Instruction No. \_\_\_\_\_.
(Party)

[Title]

[Text]

[Authority]

\_\_\_\_\_  GIVEN      \_\_\_\_\_  REFUSED      \_\_\_\_\_  GIVEN AS MODIFIED

**ATTACHMENT 1**

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B) Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have made to resolve disputes over anticipated testimony, exhibits and witnesses.

      (A)    Witnesses to be Called. In lieu of FRCP 26(a)(3)(A), a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

      (B)    Estimate of Trial Time. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

      (C)    Use of Discovery Responses. In lieu of FRCP 26(a)(3)(B), cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission.  Counsel shall state any objections to use of these materials and that counsel has conferred respecting such objections.

      (D)    Further Discovery or Motions. A statement of all remaining motions, including motions in limine.

(4) **Trial Alternatives and Options.**

      (A)    Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

      (B)    Amendments, Dismissals. A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

      (C)    Bifurcation, Separate Trial of

Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(5) **Miscellaneous.**

Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

**ATTACHMENT 2**

**USDC**
Case No. CV05-03076 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03076 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03076 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03076 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03076 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03076 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03076 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03076 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03076 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03076 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03076 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03076 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____