UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KATHLEEN EDWARDS, | ) | |
| | ) | |
| Plaintiff(s), | ) | No. C 05-3076 BZ |
| | ) | |
| v. | ) | **ORDER GRANTING DEFENDANT'S** |
| | ) | **MOTION FOR SUMMARY JUDGMENT** |
| PRINCESS CRUISE LINES, LTD., | ) | |
| | ) | |
| Defendant(s). | ) | |

This case presents a question of first impression in the Ninth Circuit - whether the non-moving party on summary judgment is relieved of the burden of introducing evidence of the existence of triable issues of fact if it believes that such evidence has been produced in discovery and could have been placed into evidence by the moving party. For the reasons expressed below, I answer this question in the negative and, because plaintiff elected not to introduce any evidence in opposition to defendant's motion, I grant defendant summary judgment.[1]

---

[1] All parties have consented to my jurisdiction pursuant to 28 U.S.C. § 636(c).

1

1    Plaintiff Kathleen Edwards filed this Complaint against
2 defendant, Princess Cruise Lines, Ltd., seeking injunctive
3 relief to remedy "continuing" violations of the Americans with
4 Disabilities Act, 42 U.S.C. section 12101 et seq., and damages
5 under various state laws.  Defendant filed its Motion for
6 Summary Judgment arguing, in part, that plaintiff's claims are
7 barred by the six month limitations period included in her
8 cruise ticket contract.
9    Defendant relied on facts which are undisputed.
10 Plaintiff requires the assistance of a wheelchair.  In July
11 2003, plaintiff and her husband took a cruise to Alaska aboard
12 defendant's ship Pacific Princess.  Plaintiff booked her
13 cruise through a travel agent and received her cruise ticket
14 and travel documents on June 19, 2003.[2]  The cruise ended on
15 July 30, 2003.[3]  The contract appended to the ticket required
16 passengers to file all cruise-related personal injury claims
17 within one year of their trip, and all other claims within six
18 months.  Since plaintiff did not file this suit until July 28,

---

[2]    Plaintiff's relevance objections to the Court's consideration of all facts supporting defendant's argument concerning the impact of the ticket's contractual terms are **OVERRULED**.  In addition, plaintiff's relevance objections to the documents introduced through Aksana Moshaiv's declaration are **OVERRULED**.  In reaching my decision, I have considered only facts borne out by declarations, deposition transcripts, documents, and other admissible evidence.

[3]    As to the factual bases for her claim, evidence submitted demonstrates that plaintiff received a wheelchair-accessible cabin, but did not receive a cabin with a balcony as she desired.  Although plaintiff was able to disembark at various Alaskan ports throughout the cruise, the Pacific Princess was unable to dock at the port of Sitka.  Defendant's agents refused to allow plaintiff to disembark.  Defendant asserted that this decision was based on safety concerns.

2

2005, defendant argued it is entitled to judgment because the suit was barred by the six month contractual limitations period.[4]

Plaintiff's Opposition devoted little space to this issue. Plaintiff cited Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133 (9th Cir. 2002), for the proposition that the limitations period does not apply to her suit because she alleged "continuing violations."[5] Plaintiff, however, presented no admissible evidence that the violations deterred

---

[4] Plaintiff has not disputed that a cruise ship passenger ticket is a maritime contract, governed by federal maritime law. See Wallis v. Princess Cruises, Inc., 306 F.3d 827, 834 (9th Cir. 2002); Vavoules v. Kloster Cruise Ltd., 822 F. Supp. 979, 981 (E.D.N.Y. 1993) (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991)). Federal law explicitly permits maritime passenger contracts to place a one year limitation period on the filing of claims involving death or personal injury. 46 U.S.C § 183b; Dempsey v. Norwegian Cruise Line, 972 F.2d 998, 1000 (9th Cir. 1992). Courts have gone beyond section 183b to enforce the terms of maritime contracts against a broad array of claims. See Licensed Practical Nurses, Technicians and Health Care Workers of New York, Inc. v. Ulysses Cruises, Inc., 131 F. Supp. 2d 393, 411 (S.D.N.Y. 2000)(breach of contract); Ames v. Celebrity Cruises, Inc., 1998 WL 427694 (S.D.N.Y., July 29, 1998) (fraudulent inducement and wrongful billing claims); Cronin v. Cunard Line, 672 N.Y.S.2d 864, 864-65 (N.Y. App. Div. 1998) (deceptive port charges); Boyles v. Cunard Line, 1994 U.S. Dist. LEXIS 21449 (S.D.N.Y. Jan. 11, 1994) (misrepresentation claim). In addition, both one year and six month time bars have been found reasonable. See Dempsey, 972 F.2d at 999-1000 (upholding a one year time bar); Ames, 1998 WL 427694 at *6 (citing numerous decisions upholding six month limits against claims other than personal injury).

[5] In her Complaint, plaintiff alleged that defendant's policies and practices regularly preclude the disabled from disembarking at port stops, and that defendant's ships fail to offer an acceptable number and type of disabled-accessible cabins. Plaintiff also claimed that "she is aware" that defendant's ships "routinely fail to provide" reasonable access to restrooms, restaurants, bars, shops, and other facilities. Plaintiff asserted in her unsworn Complaint and in papers filed by counsel that these barriers have prevented her from scheduling another cruise.

3

1  her from booking another cruise so as to create a factual
2  basis to apply Pickern to her case.  See id. at 1136-37.
3  Under these circumstances, I issued a tentative ruling
4  granting the defendant's motion on the grounds that the
5  limitations period applied to plaintiff's claims and that
6  plaintiff failed to produce evidence demonstrating that her
7  Complaint was not time-barred.  Plaintiff responded by
8  requesting oral argument.
9      Defendant filed its Reply arguing for the first time that
10 plaintiff lacked standing to bring her suit.  Two days before
11 the hearing, plaintiff filed an objection to defendant's
12 Reply, arguing that the standing issue had been improperly and
13 untimely raised.  In support of her objection, plaintiff
14 attached as exhibits to counsel's declaration, portions of her
15 interrogatory answers and her deposition testimony, and her
16 declaration.  To varying degrees, this showing goes to
17 plaintiff's thwarted desire to book another cruise aboard
18 defendant's ships.
19     At the hearing, I sustained plaintiff's objection to
20 defendant's standing argument and stated that I would not
21 consider it as having been presented by defendant's summary
22 judgment motion.[6]  Because I sustained the objection, I struck

---

[6] I noted that the parties had stated at the initial case management conference that standing might be an issue and found it improper for defendant to raise the issue in its Reply so as to preclude plaintiff from making substantive arguments to the contrary.  See Schwartz v. Upper Deck Co., 183 F.R.D. 672, 682 (S.D. Cal. 1999) ("It is well accepted that raising of new issues and submission of new facts in [a] reply brief is improper.") (citing Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996)).

1  the declaration and attached exhibits since the standing issue
2  was not before me and the declaration had not been timely or
3  properly filed.  I reminded counsel for plaintiff that the
4  exhibits were not before me; that he had failed to submit any
5  evidence of his client's desire to book another cruise; and
6  that he had not sought relief from his failure to allow him to
7  present such evidence late.  Plaintiff took no steps to place
8  properly the exhibits before me.  Instead, plaintiff argued
9  that she had no need to do so, because 1) the "futile gesture"
10 doctrine codified in § 308 of the ADA precluded the assertion
11 of a limitations period as a bar to any ADA claim based on a
12 continuing condition, and 2) relying on Goka v. Bobbitt, 862
13 F.2d 646 (7th Cir. 1988), a case not cited in her Opposition,
14 she was relieved of her burden because she had produced such
15 evidence in discovery.[7]

16    Summary judgment is appropriate when there is no genuine
17 issue as to any material facts and the moving party is
18 entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.
19 There is no genuine issue of material fact where "the record
20 taken as a whole could not lead a rational trier of fact to
21 find for the [adverse party]."  Matsushita Elec. Indus. Co. v.
22 Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v.
23 Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); see also
24 Celotex Corp. V. Catrett, 477 U.S. 317, 322-23 (1986).  When
25 determining whether there is a genuine issue for trial,

---

[7]  But for the arguments premised on Pickern and Goka, plaintiff did not contest the applicability or reasonableness of the ticket's time bar provision.

5

"inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the [adverse party]." Matsushita, 475 U.S. at 587; Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." C.A.R. Transportation Brokerage Co., Inc. v. Darden Restaurants, Inc., 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). "When the moving party meets its burden, the 'adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.'" Miller v. Glenn Miller Productions, Inc., 454 F.3d 975, 987-88 (9th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). "Summary judgment will be entered against the non-moving party if that party does not present such specific facts. [Citation omitted.] Only admissible evidence may be considered in deciding a motion for summary judgment." Id. (citing Beyene v. Coleman Sec. Serv., Inc., 854 F.2d 1179, 1181 (9th Cir. 1988)).

Here, defendant, as the moving party, met its initial burden when it introduced evidence that plaintiff failed to abide by the ticket contract by filing this claim nearly two

1  years after her cruise.  The burden then shifted to plaintiff
2  to set forth specific facts establishing that there remain
3  issues to be tried.  See Celotex, 477 U.S. at 324.  Rather
4  than meeting her burden, plaintiff impermissibly rested on the
5  allegations of continuing violations in her Complaint.
6       Plaintiff's arguments that she was relieved of her
7  burden to produce evidence are not persuasive.  Plaintiff has
8  cited no authority, and the court has found none, for the
9  contention that no limitations period applies to an ADA
10 violation alleged to be continuing or ongoing in nature.[8]
11 Pickern, 293 F.3d at 1136-37, does not, as plaintiff contends,
12 support this position.  Were that the law, the Ninth Circuit
13 would not have undertaken a lengthy analysis to determine
14 whether the plaintiff's claims were barred by the one year
15 statute of limitations which the parties in Pickern agreed
16 applied.  See id.[9]

---

[8]    Nowhere has plaintiff explained how her contention would advance the policies underlying either the ADA or periods of limitation.  On the one hand, it would seem that while a plaintiff delays asserting her claims, potential violations would continue unabated to the detriment of other disabled people and the public at large.  On the other hand, the concerns which underlie periods of limitations, such as the need to bring closure and the evidentiary problems created by the passage of time, would increase as plaintiff delays.

[9]    Indeed, it is the claimant's burden to demonstrate that the continuing violation doctrine applies.  This includes, for example, a showing that some actionable conduct took place within the limitations period.  See Havens Realty Corp. v. Coleman, 455 U.S. 363, 380-81 (1982) ("[W]here a plaintiff, pursuant to the Fair Housing Act, challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the [180 day] limitations period, the complaint is timely when it is filed within 180 days of the last asserted occurrence of that practice.") (footnote omitted); see also Deck v. City of Toledo, 56 F. Supp. 2d 886, 892-94 (N.D. Ohio 1999) (ADA claim) (demonstrating the

7

1    Instead, Pickern reversed a summary judgment that the
2 statute of limitations barred plaintiff Jerry Doran's ADA suit
3 because Doran's declaration had established that he had
4 visited defendant's store a few months before filing suit and
5 was deterred from further visits by his knowledge of the
6 store's barriers.  Id. at 1137.  Doran's declaration and other
7 evidence established that the store was near his grandmother's
8 house, that he visited his grandmother nearly every weekend,
9 and that he desired and intended to visit the store again but
10 he could not enter it.  Id. at 1135.  Thus, although Doran had
11 first become aware of the barriers outside the limitations
12 period, he had presented evidence of a continuing violation
13 such that he did not need to engage in the futile gesture of
14 attempting to gain access again.  Plaintiff made no such
15 showing here.

16    Nor does plaintiff's invocation of the futile gesture
17 doctrine, standing alone, relieve her of the evidentiary
18 burden.  Originating in employment discrimination cases, see
19 Teamsters v. United States, 431 U.S. 324 (1977), Congress
20 incorporated the futile gesture doctrine into the ADA.  See 42
21 U.S.C. § 12188(a)(1) ("Nothing in this section shall require a
22 person with a disability to engage in a futile gesture if such
23 person has actual notice that a person or organization covered
24 by this subchapter does not intend to comply with its
25 provisions.").  As stated in Teamsters, however, a futile

---

maintenance of a discriminatory system before and during the limitations period).  Edwards has not produced evidence of conduct violating the ADA which occurred within the six months preceding the filing her complaint.

8

1  gesture claimant is charged with "the not always easy burden
2  of proving" that the discriminatory practice deterred her from
3  attempting to secure the desired outcome.  Id. at 368; see
4  also Pickern, 293 F.3d at 1137 (applying the futile gesture
5  doctrine where plaintiff produced admissible evidence that,
6  shortly before filing suit, he would have entered the store
7  but for the presence of known barriers).  Plaintiff's failure
8  to produce admissible evidence supporting application of the
9  futile gesture doctrine is fatal to her claims.
10       Citing Goka v. Bobbitt, 862 F.2d 646 (7th Cir. 1988),
11 plaintiff posits a second argument: she was excused from
12 introducing into the record evidence of deterrence by
13 defendant's knowledge of such evidence produced in discovery.
14 Plaintiff's reliance on Goka is misplaced.
15      Goka reversed a summary judgment against a *pro se*
16 plaintiff granted to defendants who had filed their motion
17 knowing that their depositions, which they did not produce,
18 were "materially inconsistent" with the deposition of
19 plaintiff, which they did produce.  Id. at 648, 650-51.  Goka,
20 a former prisoner, had sued prison guards and officials after
21 being assaulted by another inmate, and was *pro se* at the time
22 defendants moved for summary judgment.  "Serious questions"
23 existed as to whether defendants' deposition transcripts were
24 even available to plaintiff, as the depositions had been taken
25 by Goka's then-counsel pursuant to a protective order which
26 prohibited their disclosure to Goka.  Id. at 651 n.3.  To
27 allow defendants to obtain summary judgment under such
28 circumstances not only defeated the purposes of summary

judgment – disposing of cases which lacked material disputes of fact - it also violated Rule 11.  <u>Id.</u> at 650.

<u>Goka</u> does not help plaintiff for a variety of reasons.  First, I do not read <u>Goka</u> as changing the summary judgment burdens announced in <u>Celotex</u>, 377 U.S. at 324.  See <u>Goka</u>, 862 F.2d at 649 n.1 (listing those burdens).  Rather, <u>Goka</u> appears to rest more on the Rule 11 obligations of defense counsel in seeking summary judgment against a *pro se* plaintiff.

Second, <u>Goka</u> is factually distinguishable.  Here, plaintiff is represented by counsel well-schooled in ADA litigation who had the ability to introduce evidence.  Unlike <u>Goka</u>, in which the missing deposition testimony was directly inconsistent with that relied on by the movants, the discovery excerpts that plaintiff cited in her objections do not establish such a strong factual predicate for the futile gesture doctrine that defendant had a Rule 11 obligation to produce them.

Finally, whatever the scope of <u>Goka</u>,[10] it is not the law of this circuit.  I am unaware of any court within the Ninth Circuit that has relied on <u>Goka</u> or cited it.

On the admissible evidence before me, there is no issue of material fact as to the applicability of the ticket's time

---

[10] In its 20 year history, <u>Goka</u> has been cited sparingly by the Seventh Circuit, applied mostly in cases concerning prison guard liability for punishment violative of the 8th Amendment.  The few cases on point indicate that <u>Goka</u> did not alter the <u>Celotex</u> burden shifting mechanism.  See <u>Herman v. City of Chicago</u>, 870 F.2d 400, 404 (7th Cir. 1989) (noting that a party has a duty to respond once a summary judgment movant meets their burden); <u>Petru v. City of Berwyn</u>, 872 F.2d 1359, 1363-64 (7th Cir. 1989) (same).

limitation language.  Plaintiff's claims are therefore time-barred.[11]

For all these reasons, defendant's Motion for Summary Judgment is hereby **GRANTED**.[12]

DATED: November 2, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

---

[11] I am mindful that I have a duty under Rule 56 to consider the entirety of the record before me and that had plaintiff chosen to, she may have been able to establish disputed issues of fact and defeat summary judgment.  See, e.g., Matsushita Elec. Indus. Co., 475 U.S. at 587 (summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party"); but see Kennan v. Allan, 91 F.3d 1275, 1278 (9th Cir. 1996) (not the Court's task "to scour the record in search of a genuine issue of triable fact.").  Even after issuing a tentative ruling and cautioning plaintiff about the consequences of failing to produce admissible evidence supporting her contentions, however, I am left with a record devoid of evidence sufficient to deny defendant's motion.

[12] Plaintiff and defendant lodged numerous additional objections to evidence.  In particular, plaintiff objected to reliance on the declaration of Jan Tuck, and defendant objected to reliance on the declaration of Karl Danz.  Because I have not relied on either declaration or on any of the evidence objected to and not ruled on in footnote two, supra, the remaining objections are **OVERRULED** as moot.