UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KATHLEEN EDWARDS, | ) | |
| | ) | |
| Plaintiff(s), | ) | No. C 05-3076 BZ |
| | ) | |
| v. | ) | **ORDER DENYING MOTIONS UNDER** |
| | ) | **RULES 59 AND 60** |
| PRINCESS CRUISE LINES, LTD., | ) | |
| | ) | |
| Defendant(s). | ) | |

Before me is plaintiff's motion for a new trial and/or for clarification or, in the alternative, motion for relief from the judgment. The parties have fully briefed the issues. I find no need for argument and vacate the hearing presently scheduled for January 10, 2007. For the reasons discussed below, plaintiff's motion is **DENIED**.[1]

As a threshold issue, I conclude that, because the matter was disposed of by summary judgment and not by trial, Rule 59(a) is inapplicable. See School Dist. No. 1J, Multnomah

---

[1] The procedural history of this case is fully summarized in my Order Granting Defendant's Motion for Summary Judgment.

G:\BZALL\-BZCASES\EDWARDS\MOTION.NEW.TRIAL.wpd  1

1  County, Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.
2  1993); Ericsson, Inc. v. Continental Promotion Group, Inc.,
3  2006 WL 1794750, at *2 (D. Ariz. June 27, 2006); Lyon v.
4  Estrella Foothills High School, 2006 WL 2640396, at *1 (D.
5  Ariz. Sept. 13, 2006); see also, e.g., Ioane v. Stein, 1998 WL
6  812251, at *3 (N.D. Cal. Jan. 5, 1998) (rejecting use of the
7  Rule 59(a) standard where the case was adjudicated on a motion
8  to dismiss).  Rather, I will consider plaintiff's arguments as
9  a Rule 59(e) motion for alteration or amendment of judgment.
10 See, e.g., School Dist. No. 1J, Multnomah County, Or., 5 F.3d
11 at 1262; Ericsson, Inc., 2006 WL 1794750, at *2; Yazdchi, 2006
12 WL 2456495, at *2.
13     "Rule 59(e) reconsideration is appropriate where: the
14 district court is presented with newly-discovered evidence or
15 committed clear error; the initial decision was manifestly
16 unjust; or if there is an intervening change in controlling
17 law."  U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111,
18 1130 (E.D. Cal. 2001) (citing 389 Orange St. Partners v.
19 Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).  Plaintiff
20 presents no newly-discovered evidence.  No intervening change
21 in law has occurred.  For the reasons discussed below, I
22 conclude that granting summary judgment was not manifestly
23 unjust and did not constitute clear error.
24     Plaintiff first argues incorrectly that she never
25 received procedural notice of defendant's time-bar argument.
26 In its summary judgment motion, defendant argued at length
27 that plaintiff's claims were contractually time-barred.  In
28 her Opposition, plaintiff cited Pickern v. Holiday Quality

Foods, Inc., 293 F.3d 1133 (9th Cir. 2002), for the proposition that continuing violation claims cannot be barred by statutes of limitations. Clearly plaintiff understood that the timeliness of her claims was in issue. Yet she failed to introduce any evidence to support her Pickern argument,[2] relying entirely on the allegations of her complaint.[3]

Plaintiff also argues incorrectly that the Court inverted the burdens on summary judgment and failed to require that defendants meet their burden of going forward. To the extent plaintiff relies on Adickes v. S.H. Kress, 398 U.S. 144 (1970), for the proposition that a movant must "disprove" an essential element of the non-movant's case, that case has been superseded in pertinent part by Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The proposition, at any rate, is beside the point. Here, defendant had the burden of proffering admissible facts sufficient to entitle it to obtain a directed verdict on its affirmative defense, if the evidence was uncontroverted at trial. Once met, the burden shifted to plaintiff. The burdens were correctly stated and applied. See Order pages 5-7.

---

[2] Plaintiff argues that the declaration of Karl Danz provides evidence of ongoing injury. Although that declaration may provide evidence of knowledge of continuing conditions, it says nothing of how those conditions have impacted or injured plaintiff herself. Pickern requires evidence of both.

[3] Plaintiff also moves under Rule 59(e) for clarification as to two issues: 1) whether and to what extent plaintiff's claims of ongoing violations "arise out of" the initial cruise, and 2) whether I read the contractual limitations period as barring all claims a passenger might ever have against defendant, whether related to the cruise or not. Because my Order adequately addressed both issues, I decline to clarify or modify it.

1       Finally, plaintiff moves for relief under Rule 60(b) by
2  recapitulating the notice arguments, claiming surprise, and
3  arguing that I erred in excluding the declaration submitted in
4  support of her evidentiary objections to defendant's Reply.[4]
5  As already discussed, plaintiff cannot rightly claim to have
6  been surprised by my applying Pickern to the facts of her
7  case.  Plaintiff herself raised the issues by citing Pickern
8  in response to defendant's time-bar argument.
9       Insofar as clear error may constitute "any other reason
10 justifying relief from the operation of the judgment," Fed. R.
11 Civ. P. 60(b)(6), my exclusion of her declaration was proper.
12 As I explained at the hearing and in my Order, once I
13 sustained plaintiff's objection to my consideration of her
14 standing to bring suit,[5] the appended exhibits could not be
15 accepted into evidence on that issue.  Because the exhibits
16 were not timely filed and because plaintiff had not moved for
17 relief to file additional evidence, the exhibits were properly
18 excluded.  See Fed. R. Civ. P. 6(b).  Although I emphasized at
19 the hearing that those exhibits were not before me and that
20 plaintiff lacked evidence of an ongoing violation, she never
21 properly moved to submit the evidence.  My ruling was not

---

[4]  Plaintiff's argument under Rule 60 was not well developed in her papers.  I have, however, construed her papers broadly so as to reach the merits of contentions arguably raised therein.

[5]  In her papers, plaintiff suggests that my ruling was actually based on her lack of standing to bring suit.  As explained repeatedly, my Order was based on the contractual limitations period and plaintiff's failure to meet her burden on summary judgment.  I made no findings as to plaintiff's standing to bring suit.

G:\BZALL\-BZCASES\EDWARDS\MOTION.NEW.TRIAL.wpd  4

clearly in error, and plaintiff was put on notice of the infirmities of her case.

Plaintiff is left to argue that her failure to submit admissible evidence of an ongoing violation constituted excusable neglect under Rule 60(b).  A determination as to what constitutes excusable neglect "is at bottom an equitable one."  Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993).[6]  By the same token, "'Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret[.]'" In re Exodus Commc'ns, Inc., 2006 WL 3050829, at *2 (N.D. Cal. Oct. 26, 2006) (quoting Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1101 (9th Cir. 2006).  "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do no usually constitute 'excusable' neglect." Pioneer, 507 U.S. at 392.

Courts have consistently refused to excuse failures to supply evidence known to a party facing summary adjudication.

---

[6]   In Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993), the Supreme Court supplied a non-exclusive list of factors for courts to consider when the issue of excusable neglect is raised.  Those factors include "the danger of prejudice to the adverse party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." In re Warrick, 278 B.R. 182, 185 (9th Cir. BAP 2002) (citing id.).  Courts, however, tend not to apply these equitable factors when the neglect at issue is of a certain inexcusable nature.  See, e.g., In re Warrick, 278 B.R. at 187 (refusing to apply the Pioneer factors where the neglect resulted from a failure to follow unambiguous rules); In re Exodus Commc'ns, Inc., 2006 WL 3050829, at *2 (N.D. Cal. Oct. 26, 2006) (finding Pioneer and its progeny inapplicable where the neglect resulted partly from conscious litigation strategy and did not result in losing all opportunity to be heard).

See In re Exodus Commc'ns, Inc., 2006 WL 3050829, at 2 (failure to supply adequate evidence to rebut a motion to dismiss); Hilton v. City & County of San Francisco, 1998 WL 738000, at *5 (N.D. Cal. Oct. 14, 1998) (failure to address issues raised by defendant in its motion for summary judgment); see also Satterlee v. Allen Press, Inc., 455 F. Supp. 2d 1236, 1243 (failure to provide supporting documents with a summary judgment response) (citing Wright v. Hickman, 36 Fed. Appx. 395, 400 (10th Cir. 2002); Thomas v. Timko, 2006 WL 229045, at *3 (N.D. Ind. Jan. 30, 2006) (failure of *pro se* plaintiff to attach admissible evidence to its summary judgment opposition); Richardson v. Nat'l Rifle Ass'n, 879 F. Supp. 1, 2 (D. D.C. 1995) (failure to present evidence known to plaintiff at time of motion).

    I conclude that neither plaintiff's failure to submit evidence known to her at the time of her opposition to summary judgment, nor her subsequent failure to seek relief from her evidentiary default prior to adjudication of the summary judgment motion, constitute excusable neglect.  Plaintiff's counsel has failed to adequately explain why he did not provide the pertinent evidence at the time of the filing of the Opposition; or why, after being alerted to this problem, he did not properly and timely seek relief.  The movant under Rule 60 bears the burden of demonstrating that relief from the judgment is warranted.  See Watson v. Montana, 2006 WL 2850583, at *3 (D. Mont. Oct. 3, 2006) (citing McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc., 298 F.3d 586, 592 (6th Cir. 2002)).  The reasons for counsel's neglect

1  remain largely unarticulated.

2  At any rate, the sequence of events demonstrate that
3  plaintiff's counsel's neglect was not excusable. Plaintiff
4  cited <u>Pickern</u> in her Opposition, but did not supply admissible
5  evidence known to support the underlying theory. Plaintiff
6  was alerted to this fact in the court's tentative ruling, and
7  again at the hearing. Still, plaintiff never sought leave to
8  submit the evidence. Plaintiff's counsel is an experienced
9  litigator in this field and was certainly capable of
10 consulting the Federal and Local Rules for the appropriate
11 course of action.

12 Indeed, plaintiff's counsel maintained at the hearing and
13 again in plaintiff's papers that certain of my rulings were
14 incorrect and that plaintiff simply had no burden to produce
15 the evidence at issue. Thus, the evidentiary default appears
16 in part to have constituted a conscious decision pertaining to
17 plaintiff's chosen legal theories. Such decisions are made at
18 the party's peril and do not constitute excusable neglect.
19 See <u>In re Exodus Commc'ns, Inc.</u>, 2006 WL 3050829, at *2.
20 Counsel's acts may have amounted to neglect, but they are not
21 excusable.

22 For the reasons stated herein, plaintiff's motion for a
23 new trial and for clarification or, in the alternative, for
24 relief from judgment are hereby **DENIED**.

25 DATED: January 5, 2007

26  _____
27  Bernard Zimmerman
    United States Magistrate Judge

28