UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN EDWARDS,            )<br>                              )<br>        Plaintiff(s),      )<br>                              )<br>   v.                         )<br>                              )<br>PRINCESS CRUISE LINES, LTD.,)<br>                              )<br>        Defendant(s).        )<br>_____) | No. C 05-3076 BZ<br><br>**ORDER DENYING DEFENDANT'S<br>MOTION FOR ATTORNEY'S FEES** |

Defendant has moved for $65,694 in attorney's fees it claims to have incurred defending this action, pursuant to 42 U.S.C. § 12205 of the Americans with Disabilities Act (ADA) and/or California Civil Code § 55 of the California Disabled Persons Act (CDPA).  For the reasons stated below, the motion is **DENIED**.

Section 12205 of the ADA provides that "the court..., in its discretion, may allow the prevailing party...a reasonable attorney's fee, including litigation expenses, and costs...." Assuming without deciding that the defendant may be considered

1

a prevailing party under the ADA, a prevailing ADA defendant may be awarded attorney's fees only where plaintiff's action is "frivolous, unreasonable, or without foundation." <u>Summers v. Teichert & Son, Inc.</u>, 127 F.3d 1150, 1154 (9th Cir. 1997) (adopting for Title I ADA cases the standard enunciated <u>Christianburg Garment Co. v. Equal Employment Opportunity Commission</u>, 434 U.S. 412, 418 (1978)).

Although I ultimately concluded that plaintiff's claims were time-barred, they were certainly not "frivolous, unreasonable or with foundation." In particular, how <u>Pickern v. Holiday Quality Foods, Inc.</u>, 293 F.3d 1133 (9th Cir. 2002), would be applied to the instant action could not have been entirely clear to either party. Moreover, one of the procedural issues resolved on summary judgment is a question of first impression in this circuit. Insofar as defendant seeks fees under the ADA, defendant's motion is **DENIED.**

Defendant also seeks fees under California Civil Code § 55, which provides that the prevailing party "shall be entitled to recover reasonable attorney's fees" when, as here, claims under certain California civil rights laws were asserted. Section 55 does not define a "prevailing party", but defendant insists that the definition is to be found in California Code of Civil Procedure § 1032, which defines a prevailing party for purposes of recovering costs.[1]

---

[1] In pertinent part, § 1032 states: "As used in this section, unless the context clearly requires otherwise: 'Prevailing party' includes...a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that

2

1    I disagree.  California courts have rejected the notion
2 that section 1032 defines the term "prevailing party" for all
3 purposes.  See Galan v. Wolfriver Holding Corp., 80 Cal. App.
4 4th 1124, 1128 (2000); Heather Farms Homeowners Assn. V.
5 Robinson, 21 Cal. App. 4th 1568, 1572 (1996); see also Doran
6 v. Holiday Quality Foods, Inc., 2003 WL 24205917, at *3 (E.D.
7 Cal. Oct. 8, 2003).  A prevailing party who is entitled to
8 costs under § 1032 is not necessarily entitled to fees under a
9 fee shifting statute.  See Galan, 80 Cal. App. 4th at 1128-29;
10 Heather Farms, 21 Cal. App. 4th at 1572.

11   Where attorney's fees are sought, a California court has
12 discretion to determine whether there was a prevailing party
13 "'on a practical level.'"  See Galan, 80 Cal. App. 4th at 1129
14 (quoting Heather Farms, 21 Cal. App. 4th at 1574).  The
15 circumstances surrounding summary adjudication here lead me to
16 conclude that neither defendant nor plaintiff "prevailed" for
17 purposes of awarding fees.  The underlying merits of
18 plaintiff's claims were never reached.  See, e.g., Galan, 80
19 Cal. App. 4th at 1129.[2]  There is no evidence that plaintiff

---

defendant."  Cal. Code Civ. P. § 1032(a)(4).  Unless the
pertinent statute provides otherwise, "a prevailing party is
entitled as a matter of right to recover costs in any action or
proceeding."  § 1032(b).

   [2]   Defendant argues that cases such as Galan and Heather Farms must be distinguished on the ground that the defendants in those cases "prevailed" by way of plaintiffs' *voluntary* dismissal.  These courts, however, appeared particularly concerned with the extent to which the outcome served to exonerate defendant of the allegations.  See, e.g., Galan, 80 Cal. App. 4th at 1129 (the settlement "did not exonerate" defendant); Heather Farms, 21 Cal. App. 4th at 1574 ("That dismissal apparently was more the result of [defendant's] obdurate behavior rather than any successful legal strategy.").  Certainly, a "rigid interpretation of the term 'prevailing

1  filed her ADA or CDPA claims in bad faith or with no
2  reasonable bases in law or fact.³  And, as discussed, summary
3  judgment raised novel issues of law the outcome of which was
4  not without question.⁴

5      Defendant's position is also inconsistent with the policy
6  objectives that support attorney's fee awards in civil rights
7  cases.  As the Supreme Court has explained, differing
8  standards for awarding attorney's fees to prevailing
9  plaintiffs and prevailing defendants are appropriate to
10 advance "the important policy objectives of the Civil Rights
11 Statutes, and the intent of Congress to achieve such
12 objectives through the use of plaintiffs as private
13 attorney[s] general."  Fogerty v. Fantasy, Inc., 510 U.S. 517,

---

party'" is not to be applied.  Heather Farms, 21 Cal. App. 4th at 1574.  Taking all things into consideration, I cannot as a matter of law conclude that defendant is a prevailing party.

   ³   Defendant relies heavily on Judge Shubb's analysis in Goodell v. Ralph's Grocery Co., 207 F. Supp. 2d 1124 (E.D. Cal. 2002).  In Goodell, however, summary judgment was entered for defendant because plaintiff failed to present any proof of "some legal or contractual connection between the defendant and the premises at issue."  Id. at 1125.  Thus, the decision went more to the underlying merits of the plaintiff's claims.  In a later decision - Doran, supra - Judge Shubb acknowledged that § 1032 does not necessarily define "prevailing party" for the purpose of enforcing the CDPA, and went on to deny the defendant its motion for attorney's fees.  2003 WL 24205917, at *2-*3.  Inasmuch as Goodell is instructive, Doran makes clear that the courts have discretion in determining what party, if any, prevails under the CDPA.

   ⁴   Defendant also relies on Winick Corp. v. Safeco Ins. Co., 187 Cal. App. 3d 1502 (1986), for the proposition that dismissal premised on a procedural default may confer prevailing party status.  Winick, however, did not involve civil rights litigation.  Also, the procedural default in Winick - untimely service of the complaint - raised no novel issues of law.  The peculiar facts of the instant case distinguish it from Winick.

4

1  523 (1994)(internal quotation marks and citations omitted).
2  Though the Supreme Court was speaking of federal civil rights
3  statutes, defendants have advanced no good reason why the
4  policy underlying California civil rights laws should be
5  different.[5]  Absent clear direction from a California court
6  that attorney's fees to successful defendants in civil rights
7  cases should be rewarded as routinely as costs are awarded,[6] I
8  concur with those state courts that have concluded that § 1032
9  does not necessarily define a prevailing party for purposes of
10 awarding fees under a fee shifting statute similar to the one
11 at issue.
12      Assuming *arguendo* that § 1032 provides the definition of
13 prevailing party for purposes of the CDPA, I reach the same
14 result.  Some California courts have read the phrase "unless
15 the context clearly requires otherwise" as allowing for
16 discretion in applying the text of the statute.  See Donald v.
17 Café Royale, Inc., 218 Cal. App. 3d 168, 185 (Cal Ct. App.
18 1990) (definition qualified by the phrase); Lawler v. Jacobs,
19 2003 WL 1440209, at *4 (Cal. Ct. App. Mar. 21, 2003)

---

[5]   It is hard to conceive of such a reason, given the congruency between the ADA and the CDPA.  See, e.g., Cal. Civ. Code §§ 54(c) and 54.1(d) (making violations of the ADA violations of the state law).

[6]   Federal courts are reluctant to resolve novel or unsettled issues of state law.  See, e.g., United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided as a matter of comity...."); Alaska Airlines, Inc. v. United Airlines, Inc., 902 F.2d 1400, 1405 (9th Cir. 1990) (certifying for determination by the state supreme court novel, determinative issues of state law); 28 U.S.C. § 1367(c)(1) (allowing a court to refuse supplemental jurisdiction over claims presenting novel issues of state law).

(unpublished) ("[S]ection 1032 ultimately reserves to the court the final determination of who, if anyone, prevailed.") (citing <u>Sears v. Baccaglio</u>, 60 Cal. App. 4th 1136, 1158 (Cal. Ct. App. 1998)).  For the reasons already indicated, I would utilize my discretion under § 1032 to decline to label defendant as the prevailing party.

I find no need for further briefing or hearing.  For the reasons discussed, defendant's motion for attorney's fees is **DENIED.**

DATED: January 11, 2007

                            Bernard Zimmerman
                 United States Magistrate Judge

g:\bzall\-bzcases\edwards\order.deny.atty.fees.3.bz.version.wpd

6