1  TIMOTHY S. THIMESCH, ESQ. (No. 148213)
   tim@thimeschlaw.com
2  158 Hilltop Crescent
   Walnut Creek, California  94597-3452
3  Telephone (Direct):  (925) 588-0401
   Facsimile:      (888) 210-8868
4
   Attorneys for Plaintiff
5  KATHLEEN EDWARDS

6  [Defense Counsel listed on next page.]

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

13 | KATHLEEN EDWARDS,                        | CASE NO. C05-03076 BZ
14 |              Plaintiff,                  | **STIPULATED [PROPOSED]**
15 |     vs.                                  | **CONFIDENTIALITY AGREEMENT AND AGREED PROTECTIVE ORDER**
16 | PRINCESS CRUISE LINES, LTD.,
17 | and DOES 1 through 15, Inclusive,
18 |              Defendants.                 | Judge:       Hon. Bernard Zimmerman
                                                Department:  Courtroom G, 15th Floor
19                                              Complaint Filed:  July 8, 2005

1  BRADLEY M. ROSE, ESQ. (SB# 126281)
   brose@kayerose.com
2  AKSANA MOSHAIV, ESQ. (SB# 190125)
   amoshaiv@kayerose.com
3  KAYE, ROSE & PARTNERS, LLP
   1801 Century Park East, Suite 1500
4  Los Angeles, California  90067
   Telephone:   (310) 277-12002
5  Facsimile:   (310) 277-1220

6  RONALD K. LOSCH, ESQ.
   rlosch@kayerose.com
7  KAYE, ROSE & PARTNERS, LLP
   425 California Street, Suite 2025
8  San Francisco, California  94104
   Telephone:   (415) 433-6555
9  Facsimile:   (415) 433-6577

10 NANCY L. ABELL (SB# 088785)
   nancyabell@paulhastings.com
11 FELICIA A. DAVIS (SB# 266523)
   feliciadavis@paulhastings.com
12 PAUL, HASTINGS, JANOFSKY & WALKER LLP
   515 South Flower Street, Twenty-Fifth Floor
13 Los Angeles, California  90071-2228
   Telephone:   (213) 683-6000
14 Facsimile:   (213) 627-0705

15 Attorneys for Defendant
   PRINCESS CRUISE LINES, LTD.

16

17

18

19

20

21

22

23

24

25

26

27

28

1  The discovery process in this case will require disclosure of information, either
2  documentary or testimonial or both, regarded by the producing party as confidential
3  information incorporating security-sensitive information, proprietary data, know-how,
4  trade secrets, other valuable commercial and financial information, and/or confidential
5  and private information concerning parties, witnesses, and persons not party to this action.
6  Accordingly, the parties to the above-captioned action, Kathleen Edwards ("Plaintiff")
7  and Princess Cruise Lines, Ltd. ("Princess"), by and through their respective attorneys,
8  stipulate and agree to the following terms and conditions in order to safeguard
9  confidential information that may be disclosed in the course of this action from
10 inappropriate or unlawful disclosure or use.

11  IT IS HEREBY ORDERED that the parties shall follow the procedures set forth
12 below with respect to information, documents or things produced or otherwise disclosed
13 in this litigation:

14  1.  Definitions.

15  (a)  Confidential Information. As used herein, "confidential information"
16 shall mean any information, documents, testimony or other things furnished in the course
17 of this litigation containing proprietary, personnel and/or private personal information that
18 any party, in good faith, deems confidential and designates as "CONFIDENTIAL"
19 pursuant to the procedures set forth below. The term "confidential information" shall
20 include information, documents, testimony or other things obtained by any party from a
21 third party via subpoena, deposition or other discovery. The term "documents" shall be
22 broadly construed to include information that is recorded in any form, including but not
23 limited to hard copy, electronic copy and video.

24  (b)  Attorneys' Eyes Only Information. The parties may designate in
25 writing as "ATTORNEYS' EYES ONLY" or "ATTORNEY'S EYES ONLY"
26 (individually and collectively "ATTORNEYS' EYES ONLY"), without limitation, any of
27 the following:

28  (1)  Trade secrets or other proprietary information of a party. The

term "trade secrets" means information that derives economic value, actual or potential, from not being generally known to other persons who can obtain competitive advantage or economic value from its disclosure or use;

    (2) Information about the security of Princess's ships or passengers or information which could compromise the security of Princess's ships or passengers if available to others;

    (3) Medical or other private information about current or former passengers, crew or other employees of Princess;

    (4) A party's financial information and business plans; and

    (5) Confidential information that individually identifies any former, current or prospective passenger, customer, or supplier.

  Other categories of ATTORNEYS' EYES ONLY information may exist, and the parties may designate other information as ATTORNEYS' EYES ONLY without agreement of the parties or order of the Court.   The parties are not required to designate any information as ATTORNEYS' EYES ONLY.

  2. Marking of CONFIDENTIAL Information and/or ATTORNEYS' EYES ONLY Information.

    (a) Marking.  Documents, information, or tangible items shall be designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY within the meaning of this Protective Order in the following ways:

      (1) In the case of documents or tangible items and the information contained therein that are produced by any party:  Designation shall be made by placing on each page of the document, or on the tangible item with a clearly visible mark, the legend CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.

      (2) In the case of documents or tangible items and the information contained therein that are obtained by subpoena or other discovery from third parties: Designation shall be made as follows:  Upon receipt by the receiving party, the documents or tangible things automatically shall be deemed CONFIDENTIAL and ATTORNEYS'

EYES ONLY. The receiving party shall furnish a copy thereof to all parties within five (5) business days of receipt. (If the material cannot be reproduced for any legitimate reason, all parties shall be given an opportunity to inspect it.) All parties thereafter shall have thirty (30) calendar days within which to formally designate the document or tangible thing as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY. Should any party desire to so designate the document or tangible thing, it shall be labeled accordingly from that point forward and bear that designation unless contested pursuant to Section 8. If no party designates the document or tangible thing as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY within said thirty (30)-day period, then the CONFIDENTIAL and/or ATTORNEYS' EYES ONLY designation will terminate.

(3) In the case of interrogatory answers and requests for admission and the information contained therein: Designation shall be made by placing on the pages containing the confidential information the legend CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.

(4) In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked CONFIDENTIAL and ATTORNEYS' EYES ONLY and inspected only by counsel, their staff and services retained by counsel to photocopy or image documents or evidence, except as otherwise limited herein. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

(b) Good Faith. The parties agree to designate information as CONFIDENTIAL or ATTORNEYS' EYES ONLY on a good faith basis and not for purposes of harassing the receiving party or parties or for purposes of unnecessarily restricting the receiving party's or parties' access to information concerning the lawsuit.

(c) Receipt of Designated Information. Except as permitted by further

order of the Court, or by subsequent written agreement of the producing party, such designated documents or testimonial information shall be received by counsel of record for the party or parties upon the terms and conditions of this Protective Order.

        (d)    Unmarked Documents to be Produced for Use at Trial. In advance of a jury trial or any proceeding to be held before a jury, if a document has been listed by any party for use as a trial exhibit, the party that has produced that document will provide a copy of the document without the written CONFIDENTIAL or ATTORNEYS' EYES ONLY designation. The production of that copy or use of it at trial will not affect or alter the status of the document as CONFIDENTIAL or ATTORNEYS' EYES ONLY or otherwise amend or alter any of the other provisions of this Protective Order.

    3.    Right of Access to Designated Information.

        (a)    CONFIDENTIAL Information. Disclosure of information designated as CONFIDENTIAL, including summaries thereof, shall be limited to the Court; the parties' counsel of record in the above-captioned matter; Princess's in-house counsel or otherwise specifically identified counsel for Princess; and associate attorneys and paralegal and clerical employees assisting any of these counsel; Princess and its officers and directors; and to the following persons, who shall be required to first execute the requisite declaration as set forth in Section 3(d) below: (i) Princess's Captains, managers and staff, but only to the extent to which disclosure to them is reasonably necessary to evaluate and defend against the claims in this case (ii) Plaintiff Kathleen Edwards; (iii) consultants or experts retained by the parties to consult or testify in the case; (iv) court reporters and videographers of sworn proceedings; (v) services retained by counsel to photocopy, image or tabulate information from documents or evidence or to prepare charts, summaries, timelines, illustrations, or other demonstrative materials to be used in the litigation; (vi) any person that a document, on its face, indicates has previously seen, or has been sent the designated information, such as authors, drafters, recipients and copyholders of the documents or information; and (vii) witnesses and prospective witnesses to the extent deemed necessary by counsel to prepare for or give testimony

regarding facts at issue in this litigation, or to assist counsel in performing work in this litigation, but as to this category (vii), counsel must retain physical custody of the CONFIDENTIAL document or other tangible thing unless consent to release it is given by the party that designated it as CONFIDENTIAL.  Disclosure of CONFIDENTIAL information to any expert or consultant or other service-provider assisting counsel shall be limited to that confidential information necessary for the consultation work or preparation to testify.  In no case shall CONFIDENTIAL information be disclosed to any person or entity who competes directly or indirectly with Princess (a "competitor") or any labor organization, its representatives or agents, that represents or is engaged in organizing Princess employees (a "labor union").

      (b)     ATTORNEYS' EYES ONLY Information.

          (1)     Disclosure of information designated as ATTORNEYS' EYES ONLY, including summaries thereof, shall be limited to the Court; the parties' counsel of record in the above-captioned matter; Princess's in-house counsel or otherwise specifically identified counsel for Princess; and associate attorneys and paralegal and clerical employees assisting any of these counsel; Princess and its officers and directors; and to the following persons, who shall be required to first execute the requisite declaration as set forth in Section 3(d) below:  (1) court reporters and videographers of sworn proceedings in which the ATTORNEYS' EYES ONLY information is raised; (2) services retained by counsel to photocopy, image or tabulate information from documents or evidence or to prepare charts, summaries, timelines, illustrations, or other demonstrative materials to be used in the litigation; (3) experts or consultants (not including competitors or labor unions) retained by the parties to consult or testify in the case; and (4) deponents as set forth in Section 3(e) below.

          (2)     If it becomes necessary for counsel for a party or parties receiving ATTORNEYS' EYES ONLY information to disclose it to some other person(s) (other than as set forth in subsection (b)(1) immediately above), in order to properly prepare this litigation for trial, or for other Court proceedings or filings in this litigation,

or to evaluate the facts, claims, and defenses for purposes of discussing settlement of this litigation, the following procedures shall be employed:

   (i) Counsel for the receiving party or parties shall notify, in writing by overnight delivery or e-mail or fax, counsel for the party producing the ATTORNEYS' EYES ONLY information of their desire to disclose such ATTORNEYS' EYES ONLY information and shall identify the persons(s) to whom they intend to make disclosure and the general purpose of the disclosure.

   (ii) If no objection to such disclosure is made by counsel for the producing party within five (5) business days of receipt of such notification, counsel for the receiving party or parties shall be free to make such disclosure to the designated person(s); provided however, that counsel for the receiving party or parties shall serve upon opposing counsel, prior to disclosure, a declaration in the form attached hereto as Appendix A, whereby such person agrees to comply with and be bound by this Protective Order.

   (iii) If the producing party objects to such disclosure, the party wishing to make such disclosure may bring before the Court the question of whether the particular ATTORNEYS' EYES ONLY information can be disclosed to the designated person(s) and the party objecting to such disclosure shall have the burden of establishing before the Court the necessity for preventing such disclosure.

   Disclosure of ATTORNEYS' EYES ONLY information shall be limited to that information necessary for the witness's consultation work or preparation to testify.

   (c) Prohibition Against Disclosure to Unauthorized Persons. With respect to all documents, information, or tangible items produced or furnished by a party during this litigation which are designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the

information under the terms of this Protective Order.  CONFIDENTIAL and ATTORNEYS' EYES ONLY information received by any authorized person shall be used only for purposes of this litigation and for no other purpose.

         (d)    Requirement to Obtain a Written Declaration.  Before disclosure of any CONFIDENTIAL or ATTORNEYS' EYES ONLY information subject to this Protective Order is made to anyone authorized by this Agreement to see the document or other information, counsel for the party disclosing the information shall obtain a written declaration, in the form attached hereto as Appendix A, from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is subject to this Protective Order, that such person has read this Protective Order, that such person agrees to comply with and be bound by this Protective Order, that such person is aware that contempt sanctions may be entered for violation of this Protective Order, and that such person consents to the personal jurisdiction of this Court.  The originals of all signed declarations shall be maintained by the party who procures the signature throughout the duration of this litigation, including all appeals.

         (e)    Use of Designated Information in Depositions.  If, in the course of this proceeding, depositions are conducted which involve CONFIDENTIAL or ATTORNEYS' EYES ONLY information, counsel for the witness or party producing such information may designate, on the record, the portion of the deposition which counsel believes may contain CONFIDENTIAL or ATTORNEYS' EYES ONLY information.  If designation of CONFIDENTIAL information is made, those portions of said depositions involving such CONFIDENTIAL information will be taken with no one present except (i) Plaintiff, (ii) a representative of Princess selected by Princess, (iii) those persons who are authorized to have access to such CONFIDENTIAL information in accordance with this Protective Order, (iv) the reporter and videographer, if any, (v) the deponent and deponent's counsel, if the deponent has separate legal counsel, and (vi) counsel for the parties.  If designation of ATTORNEYS' EYES ONLY information is

made, those portions of said depositions involving such ATTORNEYS' EYES ONLY information will be taken with no one present except (i) those persons who are authorized to have access to such ATTORNEYS' EYES ONLY information in accordance with this Protective Order, (ii) the reporter and videographer, if any, and (iii) the deponent and deponent's counsel, if the deponent has separate legal counsel, and (iv) counsel for the parties.  A witness whose deposition is being taken may see any document identified as CONFIDENTIAL or ATTORNEYS' EYES ONLY if the document is first handed to counsel for the opposing party or parties ("opposing counsel") for inspection and either (i) the opposing counsel has no objection to the witness seeing the document, or (ii) the document indicates on its face that the witness has previously seen or has been sent the document, or (iii) the witness is within the category of persons entitled to see this type of information, pursuant to the provisions described above in sections 3(a) and (b), above.  If opposing counsel objects, opposing counsel will have the option to do any one or a combination of the following things:  (i) request that the deponent sign a declaration containing the wording specified in Exhibit A to this Agreement, (ii) note the objection for the record, and/or (iii) recess the deposition so that the matter can be brought before the Court for determination.  Any party shall have until thirty (30) days after the deposition is taken within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  Unless otherwise agreed by counsel, the right to make such designation shall be waived unless made within the thirty (30)-day period.  Prior to such designation, or expiration of the thirty (30)-day period, the entire deposition transcript shall be deemed CONFIDENTIAL information.  Transcripts of testimony, or portions thereof, or documents containing the CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be filed only under seal as described in Section 7, until further order of the Court.

       4.       Inadvertent Production.  If, through inadvertence, a producing party provides any confidential information pursuant to this litigation without marking the

information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the producing party may, within fifteen (15) business days of such disclosure, inform the receiving party or parties of the CONFIDENTIAL or ATTORNEYS' EYES ONLY, and the receiving party or parties shall, as applicable, treat the disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information under this Protective Order, and to the extent the receiving party has or parties have already disclosed this information, the receiving party or parties shall promptly notify the producing party as to the specific recipients of such information and shall take all reasonable steps to remove such information from said recipients unless, with respect to CONFIDENTIAL and ATTORNEYS EYES' ONLY information, they are otherwise entitled to disclosure under this Protective Order.

If a party or counsel for a party receives a document or other information that appears on its face to be inadvertently produced and subject to a claim of privilege or attorney work product, counsel for the receiving party will (i) inform counsel for the producing party promptly after becoming aware of the disclosure; (ii) promptly return the document or other information and all copies thereof; and (iii) promptly destroy all notes and other documents containing any reference to, or use of, the inadvertently produced information.

5.  Disclosure Contrary to this Agreement.  If CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

6.  Disclosure Must Conform to this Agreement and Future Court Orders. Unless modified by any future order issued by the Court, no person or party shall directly or indirectly utilize or disclose any CONFIDENTIAL or ATTORNEYS' EYES ONLY

information obtained pursuant to pretrial discovery in this action, except for the purpose of this action and any appeals and retrials thereof, and such utilization or disclosure must be in compliance with this Agreement.

7.  Instructions for Filing CONFIDENTIAL or ATTORNEYS' EYES ONLY Information. Any document, pleading, or tangible item which contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information, if filed or submitted to the Court, shall be filed as follows:

(a)  Request to File Entire Document Under Seal. Counsel seeking to file an entire document under seal must:

(1)  File and serve the document in accordance with the general filing requirements of Local Rule 5;

(2)  Place each document subject to the protective order in a separate 9 ½ x 12 inch envelope and seal it;

(3)  Plainly state on each envelope the full case caption, title of the document enclosed and the text, "FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER" in bold, capital letters not less than one inch high.

(b)  Filing a Document Designated CONFIDENTIAL by Another Party. If a party wishes to file a document that has been designated CONFIDENTIAL by another party pursuant to a protective order, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an Administrative Motion for a sealing order and lodge the document, memorandum or other filing in accordance with this rule. If only a portion of the document, memorandum or other filing is sealable, the submitting party must also lodge with the Court a redacted version of the document, memorandum or other filing to be placed in the public record if the Court approves the requested sealing order. Within five (5) days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of

Case No. C05-03076 BZ                                  11
STIPULATED [PROPOSED] CONFIDENTIALITY AGREEMENT AND AGREED PROTECTIVE ORDER

confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record.

(c) Request Denied. If a request to file under seal is denied in part or in full, neither the lodged document nor any proposed redacted version will be filed. If the request is denied in full, the submitting party may retain the document and not make it part of the record in the case, or, within three (3) days, re-submit the document for filing in the public record. If the request is denied in part and granted in part, the party may resubmit the document in a manner that conforms to the Court's order and this rule.

(d) Effect of Seal. Unless otherwise ordered by the Court, any document filed under seal shall be kept from public inspection, including inspection by attorneys and parties to the action, during the pendency of the case. Sixty (60) days after the entry of a final judgment and an appellate mandate, if appealed, attorneys must present to the Court a proposed order specifying whether the material sealed with protective order is (a) to be returned to the parties or (b) unsealed and placed in the case file. Failure to present the order will result in the Court ordering the clerk to unseal the material and place it in the case file. Nothing in this rule is intended to affect the normal records destruction policy of the United States Courts.

(e) Conflict with Local Rules. In the event of any conflict between Section 7 and any applicable Local Rule, the applicable Local Rule shall apply.

(f) Notice to Third Parties. The parties and their attorneys shall inform all witnesses, consultants, employees, agents, court reporters, or anyone else who may from time to time have access to any CONFIDENTIAL or ATTORNEYS' EYES ONLY information of the substance of this Order.

8. Acceptance of a Designated Document Does Not Constitute Agreement with Its Designation. Acceptance by a party or parties of any information, document, or thing designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a concession that the information, document or thing is properly so designated. Any party may contest a designation that a document is CONFIDENTIAL or

1  ATTORNEYS' EYES ONLY information.  If the receiving party disagrees, or parties
2  disagree, with the designation and marking by any producing party of any material as
3  CONFIDENTIAL or ATTORNEYS' EYES ONLY, then the parties shall first try to
4  resolve such disputes on an informal basis.  If agreement cannot be reached between
5  counsel for the parties, the party so designating the document shall indicate in writing the
6  reason for its designation.  The party or parties opposing the designation may present such
7  dispute to the Court by motion or otherwise.  In the resolution of such matter, the burden
8  of establishing confidentiality shall be on the party who made the claim of confidentiality.
9  Pending resolution of the propriety of the CONFIDENTIAL or ATTORNEYS' EYES
10 ONLY designation by agreement of the parties or a Court order, the receiving party shall
11 treat the information, document or thing as protected under this Protective Order.

12        9.    Other Objections Preserved.  This Protective Order shall be without
13 prejudice to the right of any party to oppose production of any information on grounds
14 other than confidentiality.

15        10.   Right to Seek or Agree to Other Orders.  This Protective Order shall not
16 prevent any party from applying to the Court for relief from this Protective Order, or from
17 applying to the Court for further or additional protective orders, or from agreeing among
18 themselves to modify or vacate this Protective Order, subject to the approval of the Court.

19        11.   Return of Designated Information and Continued Agreement to
20 Confidentiality.  At the conclusion of this action, including any appeals, all
21 CONFIDENTIAL information and all ATTORNEYS' EYES ONLY information
22 furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the
23 producing attorneys of record, or, at the producing party's option, destroyed by counsel
24 for the receiving party or parties.  If the documents are to be returned, the producing party
25 will pay for the cost of shipping, using whatever shipping agent it selects.  If the
26 documents are to be destroyed, the producing party will be responsible for engaging a
27 service that it selects and pays to collect the documents and destroy them.  Counsel for the
28 receiving party or parties is entitled to keep copies of pleadings and correspondence used

in this litigation, in a secure storage area subject to the terms of this agreement. The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, CONFIDENTIAL and ATTORNEYS' EYES ONLY information produced hereunder shall continue to be binding after the conclusion of this action.

12. Violation. Any party to this action may file a motion requesting that the Court sanction or hold in contempt of Court anyone who violates the terms of this Order.

13. Exception. If any party disparages the other's character or integrity, the party against whom the disparaging words are expressed ("disparaged party") may use that portion, and only that portion, of any CONFIDENTIAL or ATTORNEYS' EYES ONLY information that demonstrates the falsity or inaccuracy of the disparaging words expressed without regard to the terms of this Order if the disparaged party first (i) gives prompt written notice to counsel for the other party of the alleged disparaging words; (ii) attempts to meet and confer in good faith to resolve the dispute; and (iii) fails to resolve the dispute either because the other party refuses to meet and confer within five (5) business days or the matter is not resolved through the parties' meet and confer session.

IT IS SO STIPULATED BY:

Dated: July 15, 2011        TIMOTHY S. THIMESCH

                            /s/     SIGNATURE AUTHORIZED
                            Attorneys for Plaintiff
                            KATHLEEN EDWARDS

Dated: July 15, 2011        NANCY L. ABELL
                            FELICIA A. DAVIS
                            PAUL, HASTINGS, JANOFSKY & WALKER LLP

                            By:    /s/ NANCY L. ABELL
                            Attorneys for Defendant
                            PRINCESS CRUISE LINES, LTD.

| | |
|---|---|
| Dated: July 15, 2011 | BRADLEY M. ROSE, ESQ.<br>AKSANA MOSHAIV, ESQ.<br>KAYE, ROSE & PARTNERS, LLP<br><br>RONALD K. LOSCH, ESQ.<br>KAYE, ROSE & PARTNERS, LLP<br><br>By:  /s/ AKSANA MOSHAIV<br>Attorneys for Defendant<br>PRINCESS CRUISE LINES, LTD. |

## **ORDER**

IT IS SO ORDERED.

Date: July 19, 2011 _____
HON. BERNARD ZIMMERMAN
MAGISTRATE JUDGE
U.S. District Court

APPENDIX A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN EDWARDS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD., and DOES 1 through 15, Inclusive,<br><br>　　　　　Defendants. | CASE NO. C05-03076 BZ<br><br>**STIPULATED [PROPOSED] CONFIDENTIALITY AGREEMENT AND AGREED PROTECTIVE ORDER**<br><br>Judge:　　　Hon. Bernard Zimmerman<br>Department:　Courtroom G, 15th Floor<br><br>Complaint Filed:　July 8, 2005 |

# DECLARATION

## OF

_____

1. My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

2. I live at _____.

3. I am employed as (state position): _____.

4. The full name and address of my employer is:

_____

_____

_____.

5. I am aware that a Stipulated Confidentiality Agreement and Agreed Protective Order ("Protective Order") regarding confidential information has been entered in the case of *Kathleen Edwards v. Princess Cruise Lines, Ltd.*, Case No. C05-03076 BZ, in the United States District Court for the Northern District of California ("Court"). A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

6. I agree that documents, information, and tangible items designated as CONFIDENTIAL and ATTORNEYS' EYES ONLY shall be subject to the terms of the Protective Order, and agree to comply with and be bound by the terms of the Protective Order.

7. Without limiting the foregoing, I agree that I will not disclose or discuss any material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY with any persons other than counsel for a party in this action and paralegal and clerical personnel assisting such counsel, and other persons permitted access to such material under the Protective Order who have signed declarations under penalty of perjury undertaking to preserve the

1 | confidentiality of such material.

2 | 8.  I agree to use any material designated CONFIDENTIAL or ATTORNEYS' EYES
3 | ONLY solely in connection with participation in this action and for no other purpose.

4 | 9.  I understand that any use or disclosure of CONFIDENTIAL and ATTORNEYS'
5 | EYES ONLY material, or any portion or summaries thereof, or any information obtained
6 | therefrom, in any manner contrary to the provisions of the Protective Order shall subject
7 | me to contempt sanctions of the Court.

8 | 10.  I consent to the exercise of personal jurisdiction over me by the Court.
9 | I declare under penalty of perjury under the laws of the State of California and the United
10 | States of America that the foregoing declaration is true and correct.

11 | Executed this _____ day of _____, 2011, at _____, _____.

_____
Signature